ACCEPTED
03-15-00063-CR
5890589
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/30/2015 6:37:47 PM
JEFFREY D. KYLE
CLERK

# BOTSFORD & ROARK
1307 WEST AVENUE
AUSTIN, TEXAS 78701
www.davidbotsfordlaw.com

David L. Botsford**
Telephone: (512) 479-8030
Telecopier: (512) 479-8040
E-Mail: DBotsford@aol.com

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/30/2015 6:37:47 PM
JEFFREY D. KYLE
Clerk

Brian Roark
Telephone: (512) 476-1900
Telecopier: (512) 479-8040
E-Mail: Brian@BrianRoark.com

_____
*Board Certified in Criminal Law
**Board Certified in Appellate Criminal Law
Texas Board of Legal Specialization

Frank Maloney, Of Counsel*
Woody Roark, Of Counsel

June 30, 2015

Mr. Jeffrey D. Kyle
Clerk, Third Court of Appeals
P.O. Box 12547
Austin, Texas 78711

Re: Ex parte James Richard "Rick" Perry; No. 03-15-00063-CR

Dear Mr. Kyle:

Governor Perry submits this letter to bring to the Court's attention a recently decided U.S. Supreme Court decision that unambiguously repudiates one of the State's essential theories in this case. That decision, *Johnson v. United States*, 576 U.S.___ (No. 13-7120, June 26, 2015), is available at http://www.supremecourt.gov/opinions/14pdf/13-7120_p86b.pdf, and Governor Perry requests that this letter be circulated to Justices Puryear, Pemberton and Field.

In *Johnson*, as a matter of federal constitutional law, the Supreme Court expressly repudiated a key argument made by the dissent (and by the State in this case) – that "a statute is void for vagueness only if it is vague in all its applications." Slip Op. at 11. The Court recognized some "statements" in prior cases that "could be read to suggest otherwise, [but] our *holdings* contradict the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp." Slip Op. at 11 (emphasis in original). Analogously, the Court explained, it had "deemed void for vagueness a law prohibiting people on sidewalks from `conduct[ing] themselves in a manner annoying to persons passing by' – even though spitting in someone's face would surely be annoying." Slip Op. at 11 (citing *Coates v. City of Cincinnati*, 402 U.S. 611 (1971)).

*Johnson* thus alters the analysis which must be applied to Governor Perry's Issues II and VII(A), which address the vagueness of the statutory scheme upon which Count II is premised (i.e., Section 36.03(a)(1), given the definition of coercion contained in Section 1.07(a)(9)(F)). Significantly, the Supreme Court's vagueness jurisprudence now unmistakably rejects the State's reliance upon *Bynum v. State*, 767 S.W.2d 767, 774 (Tex. Crim. App. 1989) for the proposition that "[w]hen a statute does not implicate constitutionally protected conduct, a reviewing court should sustain the vagueness challenge only if the statute is impermissibly vague in all its applications."  State's Brief at 23-24 & n.58.  Of course, Section 36.03(a)(1) does implicate "constitutionally protected conduct," but *Johnson* makes clear that statutes can and must be invalidated even when some application of a vague statute might be clearly permissible – as with the statute about "annoying" conduct in *Coates* that the Supreme Court referenced in *Johnson*.

Respectfully submitted,

/s/ David L. Botsford

cc:
Mr. Michael McCrum
Via Email Only

Mr. David Gonzalez
Via Email Only